IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-748-BO

BENITA L. ARTIS, )
)
Plaintiff, )
)
v. )        **ORDER**
)
NORTH CAROLINA DEPARTMENT OF )
HEALTH AND HUMAN SERVICES, )
)
Defendant. )

This case comes before the court on the motion (D.E. 22) by plaintiff Benita L. Artis ("plaintiff") to compel responses to discovery requests from defendant North Carolina Department of Health and Human Services ("defendant"). The motion has been fully briefed[1] and referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Minute Entry after D.E. 23). For the reasons set forth below, the motion will be denied without prejudice.

## BACKGROUND

Plaintiff commenced this employment discrimination action on 22 December 2011. (*See* Compl. (D.E. 1)). In her complaint, plaintiff alleges that she was employed as a medical laboratory technologist for defendant. (*Id.* ¶ 1). She worked under a male lead medical technologist who she alleges made sexist comments and created a hostile work environment. (*Id.* ¶ 2). Shortly after she complained to her supervisors about the male lead, she received a

_____

[1] In support of her motion, plaintiff filed two exhibits (D.E. 22-1 & D.E. 22-2). Defendant filed a memorandum (D.E. 23) and exhibits (D.E. 23-1 through D.E. 23-7) in opposition.

negative evaluation which she contends was retaliation for her complaints. (*Id.* ¶¶ 3, 5, 6). She claims that she was then demoted and transferred to a different position as punishment. (*Id.* ¶¶ 11, 17). After plaintiff filed a complaint with the EEOC for discrimination suffered on the basis or her sex and retaliation (*Id.* ¶ 27), she was terminated from her employment (*Id.* ¶ 36).

In her complaint, plaintiff contends that defendant wrongfully demoted her on the basis of gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") (*id.* ¶¶ 37-39); wrongfully terminated her employment in violation of Title VII (*id.* ¶¶ 40-42); unlawfully retaliated against her in violation of N.C. Gen. Stat. § 126-17 (*id.* ¶¶ 43-45); and wrongfully terminated her in violation of the North Carolina Whistleblower Act, N.C. Gen. Stat. § 126-85 (*id.* ¶¶ 46-48). Defendant denies the material allegations in plaintiff's complaint. (*See generally* Ans. to Compl. (D.E. 7)).

On 20 December 2012, plaintiff served on defendant her first set of interrogatories and requests for production. (*See* Pl.'s Disc. Req. (D.E. 22-1)). Defendant served responses on 1 March 2013. (Def.'s Disc. Resp. (D.E. 23-3)). With its production, defendant included a letter (D.E. 23-2) explaining that it was still reviewing some additional data and would supplement its responses as the information became available. Plaintiff sent defendant a letter (D.E. 22-2) on 21 March 2013 identifying alleged deficiencies in the responses and, thereafter, defendant supplemented its responses on 28 March 2013. (Def.'s Supp. Disc. Resp. (D.E. 23-4)).

Plaintiff now moves to compel defendant to respond to the discovery requests she contends are incomplete.

2

## I.    APPLICABLE LEGAL STANDARDS

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37.  Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  The rules of discovery, including Rule 26, are to be given broad and liberal construction.  *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at \*4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'"  *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at \*3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)).  The district court has broad discretion in determining relevance for discovery purposes.  *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Federal Civil Rule 37 provides for motions to compel discovery responses.  Fed. R. Civ. P. 37(a)(3)(B).  Under it, a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."   Fed. R. Civ. P.

37(a)(1). Similarly, Local Civil Rule 7.1(c), E.D.N.C. requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell,* No. 5:10–CT–3223–FL, 2013 WL 1909985, at \*1 (E.D.N.C. 8 May 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)); *Cassell v. Monroe*, 5:10-CT-3023-BO, 2010 WL 5125339, at \*2 (E.D.N.C. 7 Dec. 2010) (denying motions to compel that failed to comply with Local Civil Rule 7.1 certification requirement).

## II.     ANALYSIS OF MOTION

Defendant notes that plaintiff failed to meet her obligation to confer before filing her motion. (Def.'s Mem. (D.E. 23) ¶ 10). The court agrees and finds that this flaw warrants denial of the motion.

Plaintiff's motion does not contain the certification prescribed by Federal Civil Rule 37 or Local Civil Rule 7.1 or any information demonstrating that she made adequate attempts to resolve the matter before filing the instant motion. The court concludes that plaintiff did not adequately "confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff's motion will therefore be denied without prejudice. Any renewed motion to compel by plaintiff shall contain the required certification.

In addition, the court notes plaintiff's motion fails to comply with other Local Civil Rules. Plaintiff is reminded that Local Civil Rule 7.1(c) warns that "[n]o motions to compel discovery or other motions relating to discovery or inspection will be considered by the court unless the motion sets forth or has attached thereto, by item, the specific question, interrogatory,

4

etc., with respect to which the motion is filed, and any objection made along with the grounds supporting or in opposition to the objection." Local Civ. R. 7.1(c), E.D.N.C. Plaintiff's motion did not include defendant's responses to her discovery requests, nor did she specifically identify by number the specific discovery requests that remain at issue.[2] Finally, Local Civil Rule 7.1(d) requires that all motions be filed with an accompanying supporting memorandum in the manner prescribed by Local Civil Rule 7.2(a). Plaintiff's motion was not supported by a memorandum of law.

Any renewed motion to compel by plaintiff shall conform to the requirements discussed, or it will be subject to summary denial.

Plaintiff has requested an award of expenses. The court finds that an award of expenses is not warranted to either party because the circumstances would make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(B). The court therefore declines to award any expenses incurred in connection with the motion.

## CONCLUSION

For the foregoing reasons, the motion to compel (D.E. 22) is DENIED WITHOUT PREJUDICE. Any renewed motion to compel shall be filed by 8 July 2013. Each party shall bear its own costs incurred on the motion.

---

[2] Plaintiff attaches a 21 March 2013 letter from her to defense counsel (D.E. 22-2) which identifies 20 discovery requests she contends are lacking. As noted, defendant made a supplemental production after that date. Plaintiff's motion identifies Document Request No. 2 as lacking, but it is not clear if there are others she also contends are incomplete. In addition, she notes that she has not received a copy of defendant's retention policy, but does not identify the discovery request that seeks a copy of that policy. While defendant did attach a copy of its responses to its memorandum, plaintiff is reminded that it was her obligation to include them with her initial filing.

SO ORDERED, this the 26th day of June 2013.

James E. Gates
United States Magistrate Judge

6